UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LUAY FINCHAN,

           Plaintiff,

v.

ALBERTO R. GONZALES, et al.,

           Defendants.

No. C07-587MJP

ORDER DENYING MOTION TO DISMISS AND/OR REMAND AND SETTING EVIDENTIARY HEARING

    This matter comes before the Court on an Order to Show Cause why the Court should not grant Plaintiff Luay Finchan's application for naturalization. (Dkt. No. 2.) The Government has filed a brief that is both a response to the Court's Order to Show Cause as well as a Motion to Dismiss and/or Remand. (Dkt. No. 4.) Having reviewed the Government's Response, Plaintiff's Response (Dkt. No. 5), the Government's Reply (Dkt. No. 7), all documents submitted in support thereof, and the record in this case, the Court DENIES the Government's motion to dismiss and/or remand. The Court will hold an evidentiary hearing on this matter on <u>September 13, 2007</u> at <u>1:30 p.m.</u> at which both parties may present evidence regarding whether the Court should naturalize Mr. Finchan.

**Background**

    Plaintiff Luay Finchan, an Iraqi refugee, has been a legal permanent resident of the United States since 2000. On January 6, 2006, he filed an application for naturalization with the United States Citizenship & Immigration Services ("USCIS"). On June 14, 2006, Mr. Finchan met with USCIS officials for his citizenship interview. Mr. Finchan alleges that he was told he met the

ORDER - 1

residence and good moral character requirements and that his disability-based waiver for English and civics was approved. He claims that his naturalization application has not yet been approved because the Federal Bureau of Investigation (FBI) has failed to complete a "name check" for him. Along with a number of other plaintiffs, Mr. Finchan filed a complaint on February 1, 2007, which requested that the Court approve his naturalization application.[1] When he filed his complaint in this Court, more than seven months had passed since Mr. Finchan's interview, and the Government had not acted on his naturalization application. The Government maintains that it cannot process Mr. Finchan's naturalization application because his background investigation, specifically his name check, is not yet complete.

**Discussion**

**I.     Jurisdiction**

The Court has jurisdiction over this matter. As the Government is well aware, this Court has previously decided that it has subject matter jurisdiction over this type of case under 8 U.S.C. § 1447(b). Aslam v. Gonzales, No. C06-614, 2006 U.S. Dist. LEXIS 91747 (W.D. Wash. Dec. 19, 2006); Said v. Gonzales, No. C06-986, 2006 U.S. Dist. LEXIS 67750 (W.D. Wash. Sept. 21, 2006). 8 U.S.C. § 1447(b) provides as follows:

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the [USCIS] to determine the matter.

Under this authority, the Court has jurisdiction over this matter if USCIS has not made a naturalization determination within 120 days of "the examination." Defendants argue that the Court should follow the reasoning of Danilov v. Aguirre, 370 F. Supp. 2d 441 (E.D. Va. 2005), and hold that the Court lacks jurisdiction over this matter until 120 days after the Government completes its

---

[1] The original complaint was filed under case number C07-164. By order dated April 23, 2007, the Court granted a motion to sever filed by Defendants and severed the claims of the fifteen plaintiff into individual actions.

ORDER - 2

entire background investigation of Plaintiff. The Court declines to follow the reasoning in Danilov,[2] and instead agrees with the majority of district courts to consider the issue, which have concluded that the word "examination" in § 1447(b) refers to the date of the examination interview with a USCIS officer, and not the entire examination process. See, e.g., Kheridden v. Chertoff, No. 06-4792, 2007 U.S. Dist. LEXIS 13571, at *8-13 (D. N.J. Feb. 27, 2007); El-Daour v. Chertoff, 417 F. Supp. 2d 679, 681-83 (W.D. Pa. 2005). The statute and accompanying regulations use the term "examination" to refer to the interview date, not, as the Danilov court concluded, the entire process of conducting the interview and completing the background checks. See 8 U.S.C. § 1447(b) (stating that the operable date is the "date on which the examination is conducted") (emphasis added); 8 C.F.R. § 335.1 (mandating that USCIS "conduct an investigation of the applicant" that includes "a review of all pertinent records, [and] police department checks. . . ."); 8 C.F.R. § 335.2(b) (stating that full criminal background check must be completed before examination is conducted); see also United States v. Hovsepian, 359 F.3d 1144, 1151 (9th Cir. 2004) (noting that the "statute provides that, if the INS fails to make a decision regarding a naturalization application within 120 days of an applicant's first interview," the applicant may seek a judicial hearing on the matter). Thus, the Court has jurisdiction if USCIS fails to make a decision on the naturalization application within 120 days of the applicant's interview.

Mr. Finchan was interviewed by USCIS on June 14, 2006, triggering the start of the 120-day period. More than seven months elapsed between the date of his interview and the filing of his complaint on February 1, 2007. This period exceeds the 120-day time limit required under section 1447(b). Because over 120 days elapsed since Plaintiff's "examination," this Court has jurisdiction over Plaintiff's naturalization application under § 1447(b). Defendants' motion to dismiss is therefore DENIED.

---

[2] The Fifth Circuit and a minority of district courts have agreed with the reasoning in Danilov. See, e.g., Walji v. Gonzales, 489 F.3d 738 (5th Cir. 2007); Damra v. Chertoff, No. 1:05CV0929, 2006 U.S. Dist. LEXIS 45563 (N.D. Ohio June 23, 2006); El Kassemi v. Dept. of Homeland Security, No. 06-1010, 2006 U.S. Dist. LEXIS 74516 (D. N.J. Oct. 13, 2006).

ORDER - 3

Case 2:07-cv-00587-MJP   Document 8   Filed 08/06/07   Page 4 of 6

## II. Statutory & Regulatory Framework Regarding Background Checks

Congress has prescribed several naturalization eligibility requirements, including that the applicant be lawfully present in the United States for at least five years immediately preceding the date of filing and be a person of good moral character. 8 U.S.C. § 1427(a). Congress also requires that a lawful permanent resident undergo a "personal investigation" when applying for naturalization. See 8 U.S.C. § 1446(a). In 1997, Congress emphasized the importance of background checks when it passed legislation mandating that "none of the funds appropriated or otherwise made available to the Immigration and Naturalization Service shall be used to complete adjudication of an application for naturalization unless the Immigration and Naturalization Service has received confirmation from the Federal Bureau of Investigation that a full criminal background check has been completed . . . ." Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act, 1998, Pub. L. No. 105-119, Title I, 111 Stat. 2440, 2448 (1997), reprinted in Historical and Statutory Notes following INA § 335, 8 U.S.C. § 1446 ("Criminal background check as prerequisite to adjudication of application for naturalization"). Regulations describe the minimum requirements for investigating the applicant:

> The investigation shall consist, at a minimum, of a review of all pertinent records, police department checks, and a neighborhood investigation in the vicinities where the applicant has resided and has been employed, or engaged in business, for at least the five years immediately preceding the filing of the application.

8 C.F.R. § 335.1. As part of its investigation, USCIS conducts various security and background checks, including: (1) an FBI fingerprint check for information related to an applicant's criminal history; (2) an Interagency Border Inspection System name check for information regarding national security risks, public safety issues, and other law enforcement concerns from multiple law enforcement and intelligence agencies; and (3) an FBI name check, which is run against FBI investigative databases containing administrative, applicant, criminal, personnel and other files. (See Harrison Decl. ¶ 4 & April 25, 2006 USCIS "Fact Sheet: Immigration Security Checks — How and Why the Process Works".)

ORDER - 4

### III. Name Check Requirement

In his response to the Government's motion to dismiss, Mr. Finchan argues that a full background check has already been completed and that USCIS's policy of requiring a name check is ultra vires. Mr. Finchan argues that the applicable statute and regulations only require that USCIS do a full criminal background check, which, he argues, does not include a "name check." The Court does not need to address this argument here. Mr. Finchan has not brought an affirmative motion challenging the validity of the name check. Moreover, the Court does not need to decide whether the name check requirement is ultra vires to resolve the present motion. Mr. Finchan is not precluded from raising this issue again in later briefing.[3]

### IV. Available Relief

USCIS has failed to make a determination on Mr. Finchan's naturalization application within 120 days of his examination. Plaintiff requests that the Court either order that his application for naturalization be granted immediately or set a hearing on this matter. Defendants argue that the Court should either (a) remand to USCIS with instructions to adjudicate Mr. Finchan's application once USCIS receives the name check results, or (b) conduct a full trial on the merits at which Mr. Finchan will bear the burden of demonstrating that he meets all naturalization requirements.

As the Court explained in Aslam, the Court is not equipped to conduct the kind of investigation required to determine whether an applicant presents a risk to national security or public safety. See El-Daour, 417 F. Supp. 2d at 684. Nevertheless, the Court is disturbed by the possibility that a determination on Mr. Finchan's naturalization application will be endlessly delayed. Mr. Finchan is "understandably anxious to complete the naturalization process so he can fully enjoy the benefits of United States citizenship." Id. at 683 (quoting Alkenani v. Barrows, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005)).

---

[3] In his response to the Government's motion, Plaintiff also suggests that the Court may order the FBI to complete his name check. The Government maintains that the Court lacks the authority to issue such an order. Again, however, the Court need not decide this issue to resolve the pending motion to dismiss or remand.

ORDER - 5

Considering both the Government's interest in public safety and national security and Mr. Finchan's individual interest in having his naturalization application adjudicated, the Court concludes that it is appropriate to hold an evidentiary hearing on whether Mr. Finchan should be naturalized. The hearing is set for September 13, 2007 at 1:30 p.m. in the courtroom of the Honorable Marsha J. Pechman in the U.S. District Court at 700 Stewart Street in Seattle, WA.  Because similar issues and arguments have been raised in several cases currently pending before the Court, the Court will hold a consolidated hearing for the following four cases: (1) Alghawi v. Gonzales, C07-586; (2) Finchan v. Gonzales, C07-587; (3) Ali v. Gonzales, C07-591; and (4) Abo Ghanim v. Gonzales, C07-596. The Court will set aside two hours for the consolidated hearing, with the time equally divided between Plaintiffs and Defendants.  If the parties wish to conduct discovery before the hearing, they may ask the Court to set a schedule for doing so.

**Conclusion**

Mr. Finchan has been a lawful permanent resident of this country for seven years.  He has been waiting for the Government to make a decision on his naturalization application for more than seven months since his interview.  The Government has failed to do so in a timely manner.  Because this Court has jurisdiction, the Government's motion to dismiss or remand is DENIED, and this case is set for an evidentiary hearing on September 13, 2007 at 1:30 p.m.  If the Government determines that it is ready to make a decision on Mr. Finchan's application before that date, it may file a motion to remand or the parties may file a stipulated and proposed order of remand and dismissal.

The clerk is directed to send copies of this Order to all counsel of record.

Dated: August 6, 2007.

s/Marsha J. Pechman
Marsha J. Pechman
United States District Judge

ORDER - 6